```
                                                    FILED
IN THE UNITED STATES DISTRICT COURT
      WESTERN DISTRICT OF TEXAS                 JUL 0 5 2012
          SAN ANTONIO DIVISION
                                           CLERK, U.S. DISTRICT COURT
                                           WESTERN DISTRICT OF TEXAS
                                           BY_____
                                                            DEPUTY
```

**JAMES FINLEY**                                                  **PLAINTIFF**

vs.                      Case No. **SA12CA0654 OG**

**UNIVERSAL PRESSURE PUMPING, INC.**                              **DEFENDANT**

## ORIGINAL COMPLAINT

COMES now Plaintiff James Finley, by and through his attorney Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint against Defendant Universal Pressure Pumping, Inc. (hereinafter "UPP"), does hereby state and allege as follows:

### I.

### INTRODUCTION, JURISDICTION AND VENUE

1. Plaintiff seeks an action for declaratory judgment under 28 U.S.C. §§ 2201–2202 and compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq.*

2. Jurisdiction of this action is conferred on the Court by 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

3. Plaintiff worked for Defendant at sites located mostly in Dimmit County, Texas.

4. Venue lies within this District, pursuant to 28 U.S.C. § 1391.

5. At all times material herein, Plaintiff was entitled to the rights, protections and benefits provided under the Fair Labor Standards Act (hereafter "FLSA") as amended, 29 U.S.C.

§ 201, *et seq.*

6. This case is quite similar to an FLSA misclassification case that was before the Honorable Chief Judge Leon Holmes in the Eastern District of Arkansas, styled as *David Smith, et al. v. Frac Tech Services, Ltd.*, case number 4:09-cv-00679.

## II.

## THE PARTIES

### A. DEFENDANT

7. UPP is headquartered at 2401 East Access Road I-20, Midland, Texas 79701.

8. UPP is a wholly subsidiary of a Texas corporation known as Patterson-UTI Energy, Inc., whose website reads in part as follows:

> Patterson-UTI Energy, Inc. subsidiaries provide onshore contract drilling and pressure pumping services to exploration and production companies in North America. Patterson-UTI Drilling Company, LLC has approximately 330 marketable land-based drilling rigs that operate primarily in oil and natural gas producing regions of Texas, New Mexico, Oklahoma, Arkansas, Louisiana, Mississippi, Colorado, Utah, Wyoming, Montana, North Dakota, Pennsylvania, West Virginia, Ohio and western Canada. Universal Pressure Pumping, Inc. and Universal Well Services, Inc. provide well services in Texas and the Appalachian Basin.

### B. PLAINTIFF

9. Plaintiff was, at some time within three years of the filing of this complaint, a salaried employee serving UPP in one or more of a variety of positions.

10. At all times relevant to this Complaint, Plaintiff was improperly classified as a salaried employee, but in reality was non-exempt from the overtime requirements of the Fair Labor Standards Act.

11. Plaintiff was made to work far in excess of forty (40) hours per week, sometimes even as many as 110 or more hours in a week; however, he was paid for only forty (40) hours each week.

12. Field Engineers are those who were so titled and employed by Defendant, but whose actual day-to-day job duties and responsibilities were not exempt under FLSA with respect to payment for time worked in excess of forty (40) hours each week.

13. Plaintiff James Finley is a resident and citizen of Dallas, Texas. He was hired by UPP in June of 2011 as a Field Engineer and held that position until his employment with UPP ended on or about March 2, 2012.

### III.

### FACTUAL ALLEGATIONS

14. UPP is an oil field service company performing service work on oil and gas wells throughout the United States.

15. During the times relevant to this case, UPP placed a portion of its work force on what it purported to be a "salary" for a forty (40) hour week. UPP worked these employees an unbelievable number of hours—frequently one-hundred (100) or more each week. This work frequently included evenings, holidays, and weekends.

16. Plaintiff was essentially an oil field mechanic, laborer, or technician who spent the majority of his working hours performing manual labor on various oil field projects; the vast majority of his time was spent "in the field" or "on site"—not in an office.

17. He had no authority to hire and hire any other UPP employee.

18. Plaintiff received total annual compensation of less than $100,000.00 per year, but

more than $455.00 per week.

19. Management was not Plaintiff's primary duty; nor was Plaintiff's suggestions and recommendations as to the hiring, firing, advancement, promotion or other change of status of other employees given particular weight.

20. Plaintiff was not in charge of any department or subdivision of the company.

21. Defendant defrauded Plaintiff by telling him that he was "exempt" employees. This conduct may be used by Plaintiff to equitably toll the statute of limitations from running on the claims comprising this lawsuit.

22. Plaintiff was required in his employment to work during his meal periods and was placed on call for extended periods of time. During his on-call time, his actions were severely restricted and he was expected to respond immediately at any request of his employer. Plaintiff was not compensated in any way for this time.

23. Plaintiff was required to answer frequent communications from the employer and its customers and employees while off duty. Plaintiff was required to answer questions concerning company business during personal "off time." These inquiries were done at all hours of the day and night and were for the benefit of Defendant, but Defendant refused to recognize this required action as work time, and therefore refused to compensate Plaintiff for this time.

24. Defendant was notified on previous occasions, and should have known, about its violations of the Fair Labor Standards Act. It took no action to correct the violations, despite demands and notice.

25. Defendant's actions are willful and are taken with knowledge that its acts violated the wage and hour provisions of the Fair Labor Standards Act.

26. The unlawful policy followed by UPP has been in place for a period in excess of three (3) years and was in place at the time that the last Plaintiff herein left Defendant's employment.

27. Plaintiff received nondiscretionary bonuses which supplemented his base salary.

28. Plaintiff never agreed that his base salary was to be the sum total of his compensation for all of his hours worked.

## IV.

## CLAIM FOR RELIEF

### (Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*)

29. Plaintiff re-alleges and incorporates by reference paragraphs stated above as if they were set forth again herein.

30. At all relevant times, Defendant was, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendant employed "employee[s]," including Field Engineers like Plaintiff, who were to be engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203.

31. At all relevant times, Defendant has had gross operating revenues in excess of $500,000.00.

32. The FLSA requires Defendant, as a covered employer, to compensate all non-exempt employees for all hours worked, and to compensate all non-exempt employees at a rate of not less than one and one-half times their regular rate of pay for work performed in excess of forty (40) hours in a work week.

33. Plaintiff is entitled to compensation for all hours worked.

34. Plaintiff is entitled to be paid overtime compensation for all overtime hours worked.

35. Plaintiff never had any agreement of any kind regarding the applicability of the salary paid by Defendant to cover hours in excess of forty (40) hours in any given week.

36. Plaintiff was the regular recipient of non-discretionary bonus payments.

37. At all relevant times Defendant, pursuant to its policies and practices, failed and refused to compensate Plaintiff for work performed in excess of forty (40) hours per week.

38. At all relevant times Defendant, pursuant to its policies and practices, failed and refused to pay overtime premiums to Plaintiff for their hours worked in excess of forty (40) hours per week.

39. At all relevant times Defendant engaged in a willful policy, pattern, or practice of requiring or permitting Plaintiff to perform work in excess of forty (40) hours per week.

40. At all relevant times the overtime work performed by Plaintiff was required or permitted by Defendant, for the benefit of Defendant, and was directly related to such employees' principal employment with Defendant and is an integral and indispensable part of such employees' employment with Defendant.

41. Defendant violated the FLSA by failing to pay Plaintiff for all hours actually worked and by failing to pay Plaintiff at least one-and-a-half times his regular rate of pay for all hours worked in excess of forty (40) in a workweek.

42. These violations of the FLSA were knowing and willful within the meaning of 29 U.S.C. § 201 *et seq.*

43. The FLSA also imposes specific employment record-keeping requirements, including the obligation to keep accurate records of all hours worked. By failing to record, report, and/or preserve records of hours worked by Plaintiff, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a). These violations of the FLSA were knowing and willful within the meaning of 29 U.S.C. § 201 *et seq.*

44. Plaintiff is entitled to the burden shifting provisions regarding proof of hours worked as set out in *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946), due to the violations of Defendant.

45. As a result of Defendant's violations of applicable law, Plaintiff is entitled to recover from Defendant the amount of his unpaid wages and overtime compensation, an additional equal amount as liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), prejudgment interest, attorneys' fees, litigation expenses and court costs, pursuant to 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

## V.

## LEAVE TO AMEND

46. Plaintiff reserves the right to amend this Complaint as indicated by the law and the facts dictate, and to add other plaintiffs to their case with similar claims.

WHEREFORE, premises considered, Plaintiff James Finley prays that Defendant be summoned to appear and answer; that the Court enter a declaratory judgment, declaring that Defendant has willfully and wrongfully violated its statutory obligation and deprived Plaintiff the

protections and entitlements provided him under the law, and particularly the Fair Labor Standards Act as alleged herein; that the Court order a complete and accurate accounting of all the compensation to which Plaintiff is entitled; that Plaintiff be awarded monetary damages in the form of back-pay compensation, liquidated damages equal to his unpaid compensation, plus interest thereupon; that Plaintiff should have his attorney's fees paid by Defendant as well as his attorneys' expenses, costs and any disbursements required to bring this cause of action; and any other just and proper relief to which he may be entitled.

    Respectfully submitted,

    **PLAINTIFF JAMES FINLEY**

    SANFORD LAW FIRM, PLLC
    One Financial Center
    650 S. Shackleford Road, Suite 400
    Little Rock, Arkansas 72211
    Telephone: (501) 221-0088
    Facsimile: (888) 787-2040

By    /s/ Josh Sanford
    Josh Sanford
    Texas. Bar No. 24077858
    josh@sanfordlawfirm.com